IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC and AVENTINE RENEWABLE ENERGY HOLDINGS, INC.,<br><br>　　　　　Defendants. | CASE NO. _____<br><br>NOTICE OF REMOVAL |

Please take notice that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Aventine Renewable Energy Holdings, Inc. ("Aventine Holdings") and Aventine Renewable Energy – Aurora West, LLC ("Aventine Aurora West") hereby remove, to the United States District Court for the District of Nebraska, the matter of *Aurora Cooperative Elevator Co. v. Aventine Renewable Energy – Aurora West, LLC* et al., No. CI 12-71, which is currently pending in the District Court of Hamilton County, Nebraska (the "Hamilton County Action").

In support of removal, Defendants state as follows:

### THE HAMILTON COUNTY ACTION

1.　　This action is a civil action relating to an option for the purchase of real property, in which Plaintiff seeks relief under state law. The United States District Court for the District of Nebraska has jurisdiction by reason of the diversity of citizenship of the parties.

2.　　On June 21, 2012, Plaintiff Aurora Cooperative Elevator Co. ("Aurora") initiated the Hamilton County Action by filing a complaint and praecipe (the "Complaint") in the District Court of Hamilton County, Nebraska, against Defendants.

1

3.  On June 22, 2012, the Complaint and summons issued in the state action were served upon Defendants. A true and correct copy of all process, pleadings, and orders served upon Defendants, including the Complaint, is attached as Exhibit A.

4.  Defendants have not filed an answer.

### DEFENDANTS

5.  As alleged in the Complaint, Defendant Aventine Holdings is a corporation organized and operating under the laws of the State of Delaware. Compl. ¶ 2; Declaration of John W. Castle ("Castle Decl.") ¶ 2, attached hereto as Exhibit B.

6.  Under the Supreme Court's decision in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the "principal place of business" of a corporation, for purposes of 28 U.S.C. § 1332(c), is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and "normally" is "the place where the corporation maintains its headquarters." *Id.* at 1192.

7.  Aventine Holdings maintains its headquarters at One Lincoln Center, 5400 LBJ Freeway, Suite 450, in Dallas, Texas. Castle Decl. ¶ 3. The officers of Aventine Holdings are its Chief Executive Officer and its Chief Financial Officer. *Id.* Aventine Holdings' officers have their offices at Aventine Holdings' headquarters in Dallas, Texas, and they direct, control, and coordinate Aventine Holdings' activities at those headquarters in Dallas, Texas. *Id.*

8.  Aventine Holdings thus has its principal place of business in Dallas, Texas, and is therefore a citizen of Delaware and Texas under 28 U.S.C. § 1332(c).

9.  As alleged in the Complaint, Defendant Aventine Aurora West is a Delaware limited liability company. Compl. ¶ 3; Castle Decl. ¶ 4. "An LLC's [*i.e.*, limited liability company's] citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its

members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)).

10.  Aventine Aurora West has only one member, which is Aventine Holdings. Castle Decl. ¶ 5 & Ex. 1.

11.  Aventine Aurora West thus has the citizenship of Aventine Holdings, and so is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

## PLAINTIFF

12.  As alleged in the Complaint, Aurora is a Nebraska corporation with its principal place of business in Aurora, Nebraska. Compl. ¶ 1. Aurora is thus a citizen solely of Nebraska under 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY

13.  The Complaint seeks specific performance of a real estate repurchase option. Compl. at 6. The real property at issue encompasses 84.24 acres. Castle Decl. ¶ 6. The option requires payment of a price of $16,500 per acre, plus certain additional amounts. *See* Compl., Ex. 5, § 6. The amount of payment may be reduced if certain penalties have accrued and are owed to Plaintiff at the time payment under the option is due (*see id.*), but currently no such unpaid penalties have accrued (Castle Decl. ¶ 7). Consequently, the relief that Plaintiff seeks would require Plaintiff to pay to Defendants no less than $1,389,960, satisfying the amount-in-controversy requirement.

14.  The option at issue nowhere specifies that Plaintiff has the right, upon proper invocation of the option, to purchase the ethanol facility that Defendants have constructed on the real property (*see* Compl., Ex. 5, § 6), but Plaintiff nevertheless seeks a judicial order requiring Defendants to convey the ethanol facility in addition to the real property. That additional relief, if it were to be granted, would require Plaintiff to pay to Defendants no less than the value of the

ethanol facility in exchange for conveying title to that facility. Because the facility is a multi-million dollar facility (Castle Decl. ¶ 8), that additional relief further satisfies the amount-in-controversy requirement.

15. The Complaint seeks an order requiring Defendants to deliver a deed encompassing both the real property that is the subject of the option at issue, and, further, the ethanol facility that Defendants have constructed on that real property. The real property has a value in excess of $75,000, and the ethanol facility has a value in excess of $75,000. Castle Decl. ¶¶ 6 & 8. The value of the conveyance that Plaintiff seeks thus satisfies the amount-in-controversy requirement.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) over this action, because this is a civil action in which Plaintiff seeks relief with a value greater than $75,000, exclusive of interest and costs, and because this is an action between a citizen of Nebraska, as plaintiff, and citizens of Delaware and Texas, as defendants, such that complete diversity of citizenship exists.

17. Removal jurisdiction is therefore proper under 28 U.S.C. § 1441(a).

18. Venue is proper in this district under 28 U.S.C. § 1441(a) because the District of Nebraska embraces Aurora, Hamilton County, Nebraska, the place in which the Hamilton County Action is pending.

19. Removal is timely under 28 U.S.C. § 1446(b) as it is made within 30 days after Defendants were served with the Complaint.

20. Defendants attach as Exhibit C and herein incorporate the same by reference as a true and correct copy of the Notice of Filing of Notice of Removal which has been served with this document on all parties and filed with the District Court of Hamilton County, Nebraska.

Based upon the foregoing, Defendants request that this action proceed in this Court as an action properly removed to it.

Dated: July 3, 2012
      Omaha, Nebraska

Respectfully submitted,

s/William G. Dittrick
William G. Dittrick (NE# 11024)
BAIRD HOLM LLP
1500 Woodmen Tower
1700 Farnam St.
Omaha, NE  68102
Telephone:    (402) 636-8205
Facsimile:    (402) 344-0588
Email:    wdittrick@bairdholm.com

Nancy Chung (to be admitted *pro hac vice*)
Christopher M. Egleson (to be admitted *pro hac vice*)
William F. Mongan (to be admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:    (212) 872-1043
Facsimile:    (212) 872-1002

*Attorneys for Defendants*