IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC; and AVENTINE RENEWABLE ENERGY HOLDINGS, INC.<br><br>    Defendants. | CASE NO. 4:12-cv-00230-JMG-CRZ |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

This is a diversity action relating to an amended conditional repurchase option contract (the "Amended Option") between the Aurora Cooperative Elevator Company (the "Coop") and Defendants Aventine Renewable Energy Holdings, Inc. and Aventine Renewable Energy – Aurora West, LLC (together "Aventine"). Aventine produces ethanol and has built an 84-acre ethanol production facility (the "Plant") on land (the "Property") that Aventine purchased from the Coop. By its terms, the Amended Option would have triggered to allow the Coop to repurchase the Property under exactly two conditions: First, if Aventine did not "recommence construction of [the Plant] on or before January 1, 2012" or, second, if Aventine did not "diligently pursue construction of [the Plant] to completion on or before July 1, 2012." Aventine disputes that the Amended Option has been triggered. Aventine also disputes that the Amended Option entitles the Coop to obtain any improvements to the Property—including Aventine's massive plant—for the price of the unimproved land.

1

Aventine hereby answers the operative Amended Complaint (ECF No. 13) filed by the Coop according to the numbered paragraphs therein. Aventine denies any allegation of the Amended Complaint not expressly admitted and responds as follows:

1. Admit.

2. Admit.

3. Deny that Aventine Renewable Energy – Aurora West, LLC ("Aventine Aurora West") has its principal place of business in Nebraska. Otherwise admit.

4. Admit.

5. Admit the first sentence. The second sentence refers to and paraphrases conditional obligations of the parties, set forth in section 6.9 of the Agreement for the Purchase and Sale of Aurora Co-op Real Estate dated June 5, 2006 (the "Purchase Agreement") and contains conclusions of law to which no response is required. To the extent that a response is required, admit to the extent the language is identical to the language in the Purchase Agreement. Otherwise deny. The Purchase Agreement is incorporated by reference in the Amended Complaint and is attached as Exhibit 1 to the Amended Complaint.

6. Admit.

7. Admit.

8. Admit that the Master Development Agreement ("MDA") set forth certain of the parties' rights and obligations in connection with the Plant, in addition to other relevant documents referenced herein. The MDA, which is incorporated by reference in the Amended Complaint and attached as Exhibit 3 thereto, speaks for itself. Deny any remaining allegations in Paragraph 8, including those that do not comport with the particular language of the MDA read in its entirety.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, admit that the Master Development Agreement required Aventine Holdings and the Coop to "execute" the other contracts, and otherwise deny.

10. Admit that the quoted language appears in the recitals in the Grain Supply Agreement, which is incorporated by reference in the Amended Complaint and attached as Exhibit A. Deny any remaining allegations in Paragraph 10, including any that do not comport with the language of the Grain Supply Agreement read in its entirety.

11. Admit that the quoted language appears in the Grain Supply Agreement. Deny all remaining allegations in Paragraph 11, including that the quoted language provided "assurances" or any other allegations that do not comport with the language of the Grain Supply Agreement read in its entirety.

12. Admit that the quoted language appears in the recitals in the Aventine Marketing Agreement (the "Marketing Agreement"), which is incorporated by reference in the Amended Complaint and attached as Exhibit B. Deny any remaining allegations in Paragraph 12.

13. Admit.

14. Admit that the quoted language appears in Section 2.2 of the MDA. Whether they are provided in "relevant part" is a conclusion of law to which no response is required. Deny any remaining allegations in Paragraph 14.

15. Admit that the quoted language appears in Section 2.3 of the MDA. Whether it is provided in "relevant part" is a conclusion of law to which no response is required. Deny any remaining allegations in Paragraph 15.

16. Admit that the quoted language appears in Section 10.2 of the MDA. Whether it is provided in "relevant part" is a conclusion of law to which no response is required. Deny any remaining allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, deny the same.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, deny the same.

19. Deny the allegation as to the timing of the suspension of construction. Otherwise admit.

20. Admit.

21. Admit. The Agreement Relating to Master Development Agreement, Grain Supply Agreements and Real Estate Option (the "Amended Option") is incorporated by reference into the Amended Complaint and is attached as Exhibit 5 to the Amended Complaint.

22. Admit that the parties amended the Option as set forth in the Amended Option, which is incorporated by reference in the Amended Complaint and attached as Exhibit 5. Deny any remaining allegations in Paragraph 22, including those that do not comport with the particular language of the Amended Option read in its entirety.

23. Admit.

24. Admit.

25. Admit the first sentence to the extent that Aventine has put the Coop on notice that it does not immediately intend to operate the plant; otherwise deny the first sentence. The second, third, and fourth sentences refer to and purport to paraphrase language contained in Aventine's securities filings. Admit to the extent the language is identical to the language in

those filings. Otherwise deny. The second, third, and fourth sentences also contain legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, deny.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, deny.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, deny.

29. Admit that the Coop provided Aventine with the letter attached to the Amended Complaint as Exhibit 8, but deny that the Amended Option was exercisable at the time the letter was transmitted and deny that the letter has any legal effect. Deny any remaining allegations in Paragraph 29.

30. Paragraph 30 purports to paraphrase the Coop's request to Aventine, set forth in the July 2, 2012 letter (Exhibit 8). Admit to the extent the language is identical to the language in the July 2, 2012 letter. Otherwise deny. Further deny that the letter has any legal effect.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, admit that Aventine has not attended a closing and that Aventine has not conveyed to the Coop marketable title to the Plant, but deny that Aventine had any legal obligation to do so. Deny any remaining allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusions to which no response is required and Aventine lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations. To the extent a response is required, Aventine denies the same.

The averments following Paragraph 32 of the Amended Complaint constitute a prayer for relief to which no response is necessary. To the extent a response is deemed required, Aventine denies that the Coop is entitled to any relief in connection with the Coop's Amended Complaint and denies any factual allegations contained in the prayer for relief.

**AFFIRMATIVE DEFENSES**

Without admitting any allegations asserted in the Amended Complaint, Aventine asserts the following general and affirmative defenses. Nothing stated in any of the following defenses constitutes a concession that Aventine bears any burden of proof on any issue on which it would not otherwise bear such burden.

FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

At all relevant times, Aventine has acted in good faith and with reasonable grounds for believing that it had not triggered the repurchase option.

THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, and payment and release.

FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or *res judicata*.

FIFTH DEFENSE

The remedies claimed by the Plaintiff are barred to the extent that they are inequitable.

## SIXTH DEFENSE

The remedies claimed by the Plaintiff are barred to the extent that the Plaintiff has suffered no harm.

## SEVENTH DEFENSE

Some or all of the claims for relief asserted in the Amended Complaint are barred because such relief is not available under applicable law.

## EIGHTH DEFENSE

The Amended Complaint fails to state a claim upon which declaratory or injunctive relief can be awarded.

## NINTH DEFENSE

The Amended Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

## TENTH DEFENSE

Aventine reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice in its entirety at Plaintiff's costs and award Defendants their attorneys' fees and costs incurred in defending this matter to the extent allowed by law and deemed appropriate by the Court.

Dated: April 10, 2013
      Omaha, Nebraska

                Respectfully submitted,

                s/ William G. Dittrick
                William G. Dittrick (NE# 11024)
                Allison D. Balus (NE# 23270)
                BAIRD HOLM LLP
                1500 Woodmen Tower
                1700 Farnam St.
                Omaha, NE 68102
                Telephone:    (402) 636-8205
                Facsimile:    (402) 344-0588
                Email:    wdittrick@bairdholm.com

                Nancy Chung (admitted *pro hac vice*)
                Christopher M. Egleson (admitted *pro hac vice*)
                AKIN GUMP STRAUSS HAUER & FELD LLP
                One Bryant Park
                New York, New York 10036
                Telephone:    (212) 872-1043
                Facsimile:    (212) 872-1002

                *Attorneys for Defendants*
                AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC and AVENTINE RENEWABLE ENERGY HOLDINGS, INC.

**CERTIFICATE OF SERVICE**

      I certify that on April 10, 2013, I caused the below counsel of record in this action to be served with the foregoing by filing the document with the Court's CM/ECF system:

    Richard P. Garden, Jr.
    Terry R. Wittler
    Kevin J. Schneider

                                              s/ Allison D. Balus
                                              Allison D. Balus (NE #23270)

DOCS/1176170.3