IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY, | ) ) ) | Case No. 4:12-cv-0230 |
| Plaintiff, | ) ) | STIPULATED PROTECTIVE ORDER |
| v. | ) ) | AND CONFIDENTIALITY AGREEMENT |
| AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC, and AVENTINE RENEWABLE ENERGY HOLDINGS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

Pursuant to the parties' Joint Motion for Entry of Protective Order (Filing No. 54), it is hereby ORDERED as follows:

1. <u>Materials Deemed Confidential.</u> If a party or an attorney for a party has a good faith belief that certain documents, transcripts, or other materials or information (including digital information) subject to disclosure pursuant to a discovery request or other request are confidential and should not be disclosed other than in connection with this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the party or attorney shall mark each such document or other materials as "CONFIDENTIAL." A party may designate as "CONFIDENTIAL" materials produced or disclosed by any other party or third party.

2. <u>Materials For Attorneys' Eyes Only.</u> Counsel for a disclosing party may further designate such "CONFIDENTIAL" materials as for "ATTORNEYS' EYES ONLY" if such counsel concludes that the material constitutes or contains non-public information that is highly personal in nature or is competitively sensitive and proprietary to the producing party, or from which competitively sensitive and

1

proprietary information belonging to a producing party could be derived. Material designated as "ATTORNEYS' EYES ONLY" may not be disclosed to the parties, and in all other respects shall be treated as "CONFIDENTIAL" material under this Protective Order.

3. <u>Designation by Third Parties.</u> A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party. A third party may designate a document as "CONFIDENTIAL" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within thirty (30) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "CONFIDENTIAL" pursuant to the terms of this Order for such thirty (30) day period and thereafter if designated as "CONFIDENTIAL" by either party or by the third party who produces it. The "CONFIDENTIAL" restrictions of this Order shall no longer apply to any document produced by a third party that has not been designated as "CONFIDENTIAL" by the third party or by a party within such thirty (30) day period.

4. <u>Redesignation of Materials as Confidential or for Attorney's Eyes Only.</u> In the event a producing party inadvertently omits to designate materials as "CONFIDENTIAL" and/or for "ATTORNEYS' EYES ONLY," such omission shall not be deemed a waiver of its entitlement to do so if the producing party notifies all other parties of the omission promptly after discovering the omission, and provides the receiving party with replacement copies of the documents or things bearing the

appropriate designation. Upon receipt of the replacement copies, the receiving party shall retrieve and return or destroy all copies of the previously produced documents or materials.

5. <u>Inadvertent Disclosure.</u> The following procedures shall govern instances in which a party or third-party has inadvertently produced or disclosed materials for which any privilege or protection is claimed, including but not limited to the attorney-client privilege or work-product protection:

    a. The disclosing party must notify the receiving party promptly, in writing or on the record, upon discovery that a document has been inadvertently produced. Upon receiving written notice from the disclosing party that privileged and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the disclosing party or destroyed within five business days of receipt of such notice and the receiving party shall not use such information for any purpose, until further order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the document in electronic format, and shall provide the disclosing party with written notice that all copies of the document have been returned or destroyed. If the receiving party intends to file a motion under paragraph 5(b), below, it may maintain a copy of the document for purposes of filing such a motion.

    b. If the receiving party, after notice of such inadvertent disclosure as set forth above in paragraph 5a, contests the privilege or work-product designation by the disclosing party, it shall file a motion to compel production

of the document or information. The receiving party shall not assert the disclosure as a ground for compelling production unless it is asserted that any such privilege was knowingly and intentionally waived.

  c. The disclosing party retains the burden of establishing the privileged or protected nature of any document or information that is claimed as privileged or otherwise protected. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of such documents or information.

  d. Upon notification of inadvertent disclosure from the disclosing party, the receiving party shall place any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information in sealed envelopes if in hard copy form or shall segregate such analyses, memoranda, or notes if in electronic form.

  e. Pursuant to Rule 502 of the Federal Rules of Evidence, absent a ruling by the Court that the disclosed information is not privileged or otherwise protected, the inadvertent disclosure of the information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege or the protection afforded to work-product materials or the subject matter thereof, as to the inadvertently disclosed document or information and any related material, and such documents and information shall be destroyed or returned to the producing party.

6. <u>Challenging Designation of Confidentiality.</u> If a party or an attorney for a party disputes the propriety of a confidentiality designation, the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the challenging party may file an appropriate motion. The challenging party and its attorneys shall nevertheless treat the documents or information as "confidential" until such time as this Court rules on the motion. Any use of a document or information by either party in connection with this lawsuit prior to the filing of such a motion will not be deemed a waiver of the right to request designation of the document as confidential. In addition, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time a designation is made and is not precluded from making a subsequent challenge thereto during the pendency of this litigation.

7. <u>Distribution of Confidential Materials.</u> No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order.

8. <u>Persons Entitled to View Confidential Materials.</u> Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may only be disclosed to the following individuals:

    a. counsel of record for the parties to this action, together with the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel who are directly involved in the conduct of this action;

b. court officials involved in this action (including persons such as court reporters and persons operating video recording equipment at depositions);

c. the officers (including but not limited to a party's CEO, COO, and/or CFO), directors, and corporate counsel of the parties (excluding their agents and/or representatives except those identified in subparagraph (a) above) who are directly working on this case and who have been informed as to the existence and requirements of this Protective Order (except that, per paragraph 2 *supra*, materials marked "ATTORNEYS' EYES ONLY" may not be disclosed to the parties);

d. any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

e. persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify or when reasonably necessary during their testimony;

f. outside consultants or experts retained for the purpose of assisting counsel in this action who sign the undertaking attached hereto as Exhibit "A", but only to the extent reasonably necessary for them to provide such services in this action;

g. any person or entity who created or previously received the document; and

h. any other person with the prior written consent of the party designating the document or other material as "CONFIDENTIAL."

Prior to receiving or being shown "CONFIDENTIAL" documents or material, persons falling in the categories listed above in subparagraphs (d), (e) (except when shown a "CONFIDENTIAL" document during a deposition or other testimony), (f), (g), and (h) shall sign a copy of the "Acknowledgment and Agreement to be Bound," attached as Exhibit A, agreeing to abide by the terms of this order and to submit to the jurisdiction of this Court for enforcement of the terms of this order. Any signed Acknowledgement and Agreement to Be Bound, shall be retained by counsel.

9. <u>Use of Confidential or Attorneys' Eyes Only Materials.</u> Any document or other material marked "CONFIDENTIAL," or the contents thereof, may only be used by a recipient in connection with this action. Nothing contained in this Protective Order shall prevent the use of any document or other material marked "CONFIDENTIAL," or the contents thereof, as evidence at trial, or at any deposition taken in this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial, at depositions, and in the filing of any documents or materials with the Court to protect the confidentiality of any document or other material marked "CONFIDENTIAL" or the contents thereof. For example, the party who received the "CONFIDENTIAL" material and wishes to introduce such materials in a court filing or at trial must seek the Court's leave to file such documents as "Restricted" in accordance with NECivR 5.0.3(c). In addition, nothing in this order shall preclude the receiving party from using "CONFIDENTIAL" material to make reports, create simulations, *etc.*, but such work product shall itself be designated "CONFIDENTIAL", and shall be further designated "ATTORNEYS' EYES ONLY" if based on material so designated.

10. <u>Return or Destruction of Confidential Materials After Litigation.</u> At the conclusion of the proceedings in this action, all documents and materials marked "CONFIDENTIAL", including any copies, extracts, or summaries thereof, or documents containing or derived from information taken therefrom, shall be promptly returned to producing counsel or destroyed, and each party's counsel shall certify that this has been done in compliance with this paragraph. Notwithstanding the other provisions of this paragraph, counsel for each party may retain one (1) complete set of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the court, deposition transcripts (including deposition exhibits), and discovery responses. All persons subject to this Protective Order shall remain bound to preserve the confidentiality of such documents in accordance with the provisions of this Protective Order. Nothing herein shall require counsel for any party to return or destroy correspondence, including electronic email correspondence, which has "CONFIDENTIAL" materials attached thereto but legal counsel shall remain bound to preserve the confidentiality of such materials.

11. <u>Subpoenas and Legal Process.</u> In the event that any party is subpoenaed or served with any other legal process by a person not a party to this litigation and is thereby requested to produce or otherwise disclose "CONFIDENTIAL" information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to the production of the "CONFIDENTIAL" information by setting forth the existence of this Protective Order and shall give prompt and immediate written notice to the party who produced the "CONFIDENTIAL" information in this litigation and its attorneys. Nothing in this

Protective Order shall be construed as requiring the party from whom "CONFIDENTIAL" information was requested to challenge or appeal any order requiring production of "CONFIDENTIAL" information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Notwithstanding the other provisions of this paragraph, a party from whom "CONFIDENTIAL" documents or information are subpoenaed or otherwise required by a governmental agency must notify the entity requesting the documents or information of its "CONFIDENTIAL" status, and may ultimately produce the documents or information to that agency without itself making objections, but shall provide prompt and immediate written notice of any such subpoena to the party who disclosed the "CONFIDENTIAL" information and its attorneys.

12. <u>Privilege Logs.</u> No privilege logs shall be required for written communications between the parties and their respective outside counsel, regardless of when such communications were created, provided such communications were not provided or divulged to any third parties, and further provided that the party claiming privilege identifies the outside law firm(s) which employed such outside counsel. If any other document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions

of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

13. <u>No Effect on Other Issues.</u> Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the documents or other materials marked "CONFIDENTIAL" and disclosed pursuant to this Protective Order.

14. Use of Confidential Documents in Business. This Protective Order does not affect the right of the parties to use their own "CONFIDENTIAL" documents or information in the ordinary course of business.

15. Waiver. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record.

16. Legal Advice Concerning CONFIDENTIAL AND ATTORNEYS-EYES-ONLY Documents. Nothing in this Protective Order shall bar or otherwise restrict any counsel representing a party in this action from rendering advice to his or her client with respect to this litigation. In the course of doing so, said attorney may generally refer to or rely upon his or her conclusions or opinion formed upon examination of documents marked CONFIDENTIAL or ATTORNEYS-EYES-ONLY, but shall not disclose the specific contents of such documents to persons not authorized to receive such material pursuant to this

Protective Order.

Dated this 26th day of June, 2013.

BY THE COURT:

*Cheryl R. Zwart*
Hon. Cheryl R. Zwart
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska in the case of <u>Aurora Cooperative Elevator Co. v. Aventine Renewable Energy – Aurora West, LLC et al.</u>, Case No. 4:12-cv-230. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my Nebraska agent for service of process in connection with any proceedings related to enforcement of this Stipulated Protective Order.

Dated this \_\_\_\_ day of _____, \_\_\_\_\_.

By: _____
[Signature]

_____
[Printed Name]