IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY,<br><br>         Plaintiff,<br>v.<br><br>AVENTINE RENEWABLE ENERGY -- AURORA WEST, LLC, and AVENTINE RENEWABLE ENERGY HOLDINGS, INC.,<br><br>         Defendants. | CASE NO. 4:12-cv-0230<br><br>**JOINT STIPULATED PROTECTIVE ORDER REGARDING INSPECTION OF THE AURORA WEST ETHANOL PLANT BY PLAINTIFF'S EXPERT WITNESSES** |

Plaintiff, Aurora Cooperative Elevator Company, and Defendants, Aventine Renewable Energy Holdings, Inc., et al. ("Aventine" or "Defendants"), hereby jointly stipulate and request that the Court enter this Protective Order ("Protective Order") pursuant to Fed.R.Civ.P. 26(c), regarding the inspection by Plaintiff's expert witnesses, Mick Miller and Jason Jerke of Energetix, of the Aurora West Ethanol Plant (the "Plant").  As agreed by the parties, the inspection shall be subject to the following limitations and obligations:

    1.    On January 15, 2014, Plaintiff issued a notice of inspection of the Plant, and on January 16, 2014 filed its motion for leave to inspect the Plant on an expedited basis.  In its motion, Plaintiff requested an inspection by their expert witnesses of the Plant on Thursday, January 23, 2014.  Defendants objected to their request on timeliness and other grounds, but this Court ordered the parties to "cooperate to schedule the prompt inspection of the plant by the plaintiff…." (Filing No. 111).  In accordance with this Order, the parties cooperated to schedule the inspection for Saturday, January 25, 2014.  Plaintiff shall be represented during the inspection by only its experts, Mick Miller and

Jason Jerke, and two attorneys representing Plaintiff. Any video camera used by Plaintiff's representatives shall be a hand-held model without external electrical power lines. Aurora Co-op's representatives will not use cameras capable of transmitting videos, during the inspection. Cameras capable of transmitting videos via wireless, such as cell phones, will not be allowed in operating areas during the inspection, per Defendants' company policy. Such inspection shall be made between 9:15 a.m. to 4:00 p.m.

2. Plaintiff's counsel and experts shall be accompanied by a representative of Aventine at all times during the inspection.

3. Plaintiff's counsel and experts shall wear any personal protective equipment that Aventine directs and shall participate in any reasonable safety training prior to the inspection. Plaintiff's counsel and experts shall also comply with any and all safety policies or practices of the plants, as directed by Aventine's representatives who will accompany Plaintiff's team.

4. Plaintiff's inspection and videotaping/photographing will not be conducted in any manner that will impede or interfere with the operations and activities of Aventine or the privacy of Aventine's employees. Only one area of the Plant will be designated for inspection at any one time. During the inspection Plaintiff's counsel and experts may not divide up and visit different areas of the Plant at different times. Plaintiff's counsel and experts shall not communicate with any of Defendants' employees or the representatives that accompany Plaintiff's team outside the presence of Defendants' counsel. All questions must be directed to Defendants' counsel, who will accompany Plaintiff's team

during the inspection. The video camera shall be turned off when counsel (or parties in the presence of counsel) confer on any matter regarding the inspection.

5. Plaintiff's counsel and experts shall inspect and videotape/photograph only those portions of the Plant that are relevant to this lawsuit, i.e. those areas of the plant involved in the production of ethanol. Defendants' consent to the inspection of the following or any areas or items at the plant during the inspection does not constitute an admission as to the relevancy or admissibility of such areas or items. A walk-through of the plant for external inspection purposes is limited to the following areas or items requested by Plaintiff:

   a. Grain receiving
   b. Grind (hammer mills and flour conveying)
   c. Cook (slurry, liquefaction, enzymes storage/application, mash coolers)
   d. Yeast propagation
   e. Fermentation
   f. Distillation
   g. Evaporation
   h. Dehydration (molecular sieves)
   i. Centrifugation
   j. Drying
   k. Tank farm and ethanol loadout
   l. Utilities (air, water treatment, boilers, etc)
   m. Access to the lab.
   n. Access to the control room, which Aventine has represented includes engineering work stations.

The parties will confer during the inspection to determine the least intrusive means to respond to Aurora Co-op's representatives' requests, if any, for information that may be available in the control room. This could include viewing the information on-site or, alternatively, the production of specific documents or information requested in writing by Aurora Co-op at the inspection. If Defendants determine they cannot provide the requested information on site

during the inspection, Plaintiff shall provide a written statement of the requested information to Aventine, after which the parties shall further meet and confer.

6. Plaintiff's counsel and experts will not be allowed to enter restricted access areas for which they have not received the required training.

7. Within seven (7) days of the completion of the inspection, Plaintiff's counsel shall provide Defendants with an unedited copy of all video clips and photographs obtained from the onsite inspections. Plaintiff's counsel shall maintain the original and all copies of the video clips and photographs (other than the copy provided to Defendants) and shall not distribute, dispense, provide, display, or allow dissemination of the video clips and photographs or copies to any other person, party, or entity, the only exception being the experts for Plaintiff, the experts' assistants, and counsel's support staff. All video clips, photographs, and information obtained from the onsite inspections, including any information derived therefore, shall be maintained as "Attorneys Eyes Only" pursuant to the Stipulated Protective Order and Confidentiality Agreement previously entered in this case (Filing No. 55) and shall not be used except in connection with the litigation of this matter. Within twenty-one (21) days of receipt of video clips and photographs from the onsite inspection, in the event that the Plaintiff challenges the "Attorney Eyes Only" designation to the photographs and video clips, Defendants shall notify Plaintiff of those video clips or photographs it contends should remain "Attorneys Eyes Only" rather than being designated "Confidential" and thereafter the parties shall confer to attempt to resolve any issues before presenting them to the court, if necessary. The parties shall then have seven (7) days to meet and confer, at the conclusion of which, Defendants shall file

a motion seeking to designate photographs and video clips as Highly Confidential/"Attorney Eyes Only", in which case any specific photograph or video clip (including any information derived therefrom) that is the subject of such a motion shall remain "Attorneys Eyes Only" until such time as the court has ruled on the motion, and any specific photograph or video clip that is not the subject of such a motion shall be treated as "Confidential" subject to the parties' Stipulated Protective Order. Notwithstanding any provision above, this Protective Order does not restrict Defendants' right to disclose or reveal its own confidential or proprietary information to whomever it chooses and does not prevent either party from seeking to modify the confidentiality designation of materials obtained from the onsite inspection.

8.     Prior to commencing the inspection allowed by the Protective Order, Plaintiff's experts, Mr. Miller and Mr. Jerke, shall execute a certification that they are aware of this Protective Order and its provisions, and in doing so, affirm that they are aware of its prohibition against the use and disclosure of the videotapes, photographs, and information gathered during these inspections for any purpose unrelated to the preparation and litigation of this case, that the provisions of the Protective Order shall continue in force and effect even after the conclusion and termination of this litigation, and that they submit themselves to the jurisdiction of the Court for purposes of enforcement of the Protective Order.    These certifications shall be provided to Defendants' counsel prior to the inspection.  Within twenty days after the conclusion of this action, Plaintiff's counsel shall assemble and return to Defendants' counsel all

originals and copies of the videotapes and photographs gathered during the inspection or certify that all originals and copies have been destroyed.

9. The Defendants do not challenge Plaintiff's experts from participation in the inspection based on Defendants' understanding that the ethanol plants that Plaintiff's experts manage and/or consult for do not compete with Defendants in the markets where Aventine sells ethanol, nor have they purchased sugar for or have current plans to buy or process sugar in the production of ethanol. This Protective Order and the inspection herein is without waiver or prejudice to (a) Defendants' right to challenge Plaintiff's experts' continued or future access to discovery in this case, including information derived from the inspection; and (b) Defendants' right to assert any confidentiality designations, including Highly Confidential, Attorneys Eyes Only, for any trade secret or proprietary information, or other privilege or immunity from discovery of such information in this case. Defendants agree not to assert as grounds to disqualify Plaintiff's experts the fact that Plaintiff's experts viewed components of the plant during the inspection.

10. To the extent Mr. Miller or Mr. Jerke seek to disclose the information from the inspection referenced herein or the information derived therefrom with any colleague at Energetix (other than clerical assistants), they or Plaintiff's counsel must give reasonable advance notice to Defendants' counsel to seek Defendants' consent, or if necessary Court approval, and to provide Defendants with the required signed certifications.

11. Defendants requested that the Court require the Plaintiff's experts to release Defendants from liability for any injuries they may incur during the inspection. The

Court denied Defendants' request for such a release or waiver. However, the denial of the requested waiver does not constitute a determination by this Court on whether any duties are owed, nor the scope of such duties, by Defendants to the Plaintiff and their agents who attend the inspection. Such duties shall be determined by law. Defendants do not admit herein to owing any duty to Plaintiff's representatives while they are on site during the inspection.

12. The terms, conditions, and provisions of this Protective Order shall continue in force and effect even after the conclusion and termination of this case, and specifically, the Court retains jurisdiction to enforce the Protective Order notwithstanding the termination or dismissal of this action.

13. Either party may seek modification of this Protective Order by written motion served on the opposing side. The Protective Order shall remain in full force and effect, however, until otherwise provided by further order of the Court.

14. All of the terms contained in this Protective Order were jointly agreed to by both parties.

WHEREFORE, the parties stipulate to the terms above and jointly request the entry of an Order approving this Stipulation.

Dated this 24th day of January, 2014

<table>
<tr><td>

s/Andre R. Barry  
Terry R. Wittler (NE# 15584)  
Richard P. Garden (NE# 17685)  
Kevin J. Schneider (NE# 18898)  
Andre R. Barry (NE# 15584)  
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.  
1900 U.S. Bank Building  
233 South 13th Street  
Lincoln, NE 68608-2095  
(402) 474-6900  
twittler@clinewilliams.com  
rgarden@clinewilliams.com  
kschneider@clinewilliams.com  
abarry@clinewilliams.com  

</td><td>

s/Allison D. Balus  
William G. Dittrick (NE# 11024)  
Allison D. Balus (NE# 23270)  
BAIRD HOLM LLP  
1500 Woodmen Tower  
1700 Farnam St.  
Omaha, NE  68102  
Telephone:  (402) 636-8205  
Facsimile: (402) 344-0588  
Email:  wdittrick@bairdholm.com  
Email: abalus@bairdholm.com  

Nancy Chung (admitted *pro hac vice*)  
Christopher M. Egleson (admitted *pro hac vice*)  
AKIN GUMP STRAUSS HAUER & FELD LLP  
One Bryant Park  
New York, New York 10036  
Telephone:  (212) 872-1043  
Facsimile:  (212) 872-1002  
nchung@akingump.com  
cegleson@akingump.com  

*Attorneys for Defendants*  
AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC and AVENTINE RENEWABLE ENERGY HOLDINGS, INC.

</td></tr>
</table>

SO ORDERED this 24th day of _____January_____, 2014.

BY THE COURT:

/s/ Cheryl R. Zwart

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>AVENTINE RENEWABLE ENERGY -- AURORA WEST, LLC, and AVENTINE RENEWABLE ENERGY HOLDINGS, INC.,<br><br>       Defendants. | CASE NO. 4:12-cv-0230 |

**AGREEMENT TO COMPLY WITH TERMS OF PROTECTIVE ORDER AND RELEASE**

      I have read and understand the Joint Stipulated Protective Order Regarding Inspection of the Aurora West Ethanol Plant by Plaintiff's Expert Witnesses ("Protective Order") and its provisions. I am aware of its prohibition against the use and disclosure of the videotapes, photographs, and information gathered during this inspection for any purpose unrelated to the preparation and litigation of this case and that the provisions of the Protective Order shall continue in force and effect even after the conclusion and termination of this litigation. I submit to the jurisdiction of the Court for purposes of enforcement of the Protective Order and agree to comply with its terms. I will also ensure compliance with the Protective Order by my employees and/or agents whom I assign to work on or with respect to the videotapes, photographs, and information obtained from the onsite inspection.

Date: _____          _____

DOCS/1236464.3