IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY,<br><br>              Plaintiff,<br><br>       vs.<br><br>AVENTINE RENEWABLE ENERGY - AURORA WEST, LLC,  AVENTINE RENEWABLE ENERGY HOLDINGS, INC.,<br><br>              Defendants. | 4:12CV230<br><br>MEMORANDUM AND ORDER |

After conferring with the parties on the record:

IT IS ORDERED:

1)    The defendant's motion to restrict, (Filing No. 138), is granted, and its responsive brief, (Filing No. 139), shall remain filed as a restricted access document.

2)    The plaintiff's Motion to Compel Aventine to Search for and Produce Email Records, (Filing No. 104), is granted under the terms discussed on the record, (Filing No. 146), and as set forth in this order.

      a)    Discovery will be conducted in stages beginning with the primary issue defined as follows:

          Whether the Aurora West Ethanol Plant was ready for startup, fully operational, and capable of producing 110 million gallons of ethanol per year as of July 1, 2012.

      b)    For at least this first discovery stage, the parties shall consult with a computer forensic expert to create search protocols, including predictive

coding as needed, for a computerized review of the parties' electronic records. It is highly foreseeable that the forensic expert will need to confer with not only the parties' counsel, but representatives of the parties to develop an accurate and predictable search protocol. Assuming this occurs, all statements (whether written or oral) made by the parties' representatives during their discussions and conference on developing electronic discovery plans or protocols are deemed confidential and shall not be admissible in evidence for any reason in the trial of this case. The confidentiality afforded under this provision does not preclude admissibility of the information disclosed by the party representatives if:

> i. the information was also disclosed or discovered outside the context of the parties' electronic discovery conference and discussions; and/or
>
> ii. the parties' statements are relevant on issues unrelated to the underlying merits of this case, such as a motion for sanctions or for assessment and allocation of the costs and attorney fees incurred in locating and producing electronic discovery.

c) The parties shall fully cooperate to identify key records custodians and to not only identify a subset of known relevant documents for assistance in identifying search terms and creating a search protocol as to that known subset of documents, but also the universe of documents relevant to the primary issue identified in paragraph 2 of this order.

d) Subject to the modifications and explanations of intent stated by the parties on the record during today's hearing, (Filing No. 146), the topics relevant to the primary issue identified in paragraph 2 are outlined in Filing No. 144-1 under the headings "MTV Retrofit Project;" "MTV Lessons Learned," "Timetable for Completion and Startup of Aurora West," "110

MGPY Requirement," "Communications with Third Parties," "Problems in Completion and Startup of Aurora West," and "Post Shutdown Activities."

e) The parties shall immediately confer to mutually agree upon and select a forensic expert for assistance in developing and completing the electronic discovery review and production for this case.

3) A telephonic conference with the undersigned magistrate judge will be held on **March 26, 2014** at **12:00 p.m.** (noon), to discuss the parties' forensic expert selection. If the parties have not agreed on an expert, the court will make the selection. The court will provide call in information for this conference call.

4) The plaintiff's Motion for Reconsideration, (Filing No. 94), and its Objection to Magistrate Judge's Order, (Filing No. 95), are denied without prejudice to re-filing after the primary stage of discovery in this case is complete.

5) The deadlines within the amended progression order, (Filing No. 91), including the trial and pretrial conference dates, are set aside pending further order of the court.

March 10, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3