IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY, | **4:12CV230** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| AVENTINE RENEWABLE ENERGY - AURORA WEST, LLC,  AVENTINE RENEWABLE ENERGY HOLDINGS, INC., | |
| Defendants. | |

The plaintiff has moved to amend its complaint to add claims for monetary relief. The proposed amended complaint alleges the defendants breached their contract with the plaintiff, have refused to convey ownership of the Aurora West Facility to Aurora Co-op as required under the contract, and "[a]s a result of defendants' delay in providing Aurora Co-op with marketable title to the Aurora West Facility, defendants have been unjustly enriched and Aurora Co-op has suffered damages." (Filing No. 151-1, at CM/ECF p. 8, ¶ 31).  The proposed amended complaint adds the following requests for relief:

> 2.     An order imposing a constructive trust and requiring defendants to account for and pay over to Aurora Co-op the greater of all rents, profits, and income which defendants have actually received as of the date of judgment or which defendants might have received by the exercise of reasonable care and diligence.

> 3.     In the alternative, an order requiring Aventine to compensate Aurora Co-op for all damages it has suffered as a result of defendants' delay in conveying title to the Aurora West Facility[.]

(Filing No. 151-1, at CM/ECF p. 8).

The defendants oppose the motion, arguing: 1) it is untimely and if granted, will prejudice the defendants; and 2) the requested amendment must be denied as futile

because the proposed new allegations fail to state a claim.  (Filing No. 159, at CM/ECF p. 3).  For the reasons discussed below, the plaintiff's motion will be granted.

    1.    <u>Timeliness</u>.

    In the Final Progression Order dated April 18, 2013, the court set a June 30, 2013 deadline for moving to amend pleadings.  (Filing No. 50).  That order was amended on November 27, 2013.  (Filing No. 91).  The amended order did not mention the deadline for moving to amend pleadings—likely because that deadline from the original order had already passed.  On March 10, 2014, due to the parties' ongoing battles over electronic discovery, the court set aside all deadlines in the amended progression order.  (Filing No. 147).  Since the deadline for moving to amend pleadings was not mentioned in the amended progression order, June 30, 2013 remains the court-ordered deadline for such motions.

    A party seeking to amend a pleading after the court-ordered deadline must show good cause for its delay.  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); see also Fed. R. Civ. P. 16(b).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).  If the movant has not been diligent, other factors, such as prejudice to the nonmoving party, will not be considered. See Winco, 532 F.3d at 717 (internal citations omitted).

    Based on the evidence of record, the circumstances have changed significantly since June 30, 2013.  The Aurora West Facility, which was dormant as of June 30, 2013, became an active and profitable ethanol producer during the summer of 2014.  (Filing No. 153-2, Filing No. 153-3).  The plaintiff argues these recent changes warrant adding claims to recover the plaintiff's damages arising from the defendants' failure to timely

transfer ownership of the facility to Aurora Co-op; that the defendants are now profiting from their breach of contract, and the plaintiff is entitled to recover those profits and its damages.

Under the change of circumstances presented, the court finds the plaintiff was diligent in moving to amend the complaint.  The motion was filed within two months of defendants' reported profitable use of the facility.  And although this case has already been pending for over two years, it appears it will remain pending for a long time to come.  Adding claims for monetary relief at this point will not prejudice the defendants' ability to prepare the case and defend the new allegations at trial, particularly where discovery on the defendants' own damage claims is not currently underway.

The court finds the plaintiff 's motion to amend is not untimely.

2.    Futility.

There is no absolute right to amend a pleading.  Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003).  If the court has good reason for denying a motion to amend—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend may be denied.  Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003).

The defendants claim the plaintiff's motion to amend must be denied as futile.  The court will deny a motion for leave to amend as futile if the plaintiff's proposed complaint fails to state a claim under the pleading standard described in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), thus rendering the complaint subject to

dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010).

"Under the Federal Rules of Civil Procedure, 'a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Dingxi Longhai Dairy, Ltd. v. Becwood Technology Group L.L.C., 635 F.3d 1106, 1109 (8th Cir. 2011) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).  In the factual allegations of its proposed amended complaint, Aurora Co-op claims the defendants have been unjustly enriched and the Co-op has been damaged by the defendants' delay in transferring title to the Aurora West Facility.  Focusing on the language of the plaintiff's proposed prayer for relief, the defendants argue Aurora Co-op has not and cannot allege a claim for unjust enrichment or for a constructive trust.  But the court does not determine whether a complaint states a claim based on the language within the plaintiff's demand.

> The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose. . . .  Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.

Dingxi Longhai Dairy, Ltd., 635 F.3d at 1108 (quoting 5 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1255 at 508–09 (3d ed.2004)).

Under Nebraska law, a plaintiff may be awarded both an order for specific performance and any damages incurred as a result of a defendant's breach of contract in failing to timely convey title to real estate.  Union Pacific Land Resources Corp. v. Park Towne, Ltd., 212 Neb. 83, 84, 321 N.W.2d 440, 442 (Neb.,1982); Cole v. Hickey, 215 Neb. 728, 732, 340 N.W.2d 418, 420 (1983); WFM, Inc. v. Tetherow, 1995 WL 421023, 1 (Neb.App. 1995).  And a defendant may be liable to the plaintiff for any rents and profits accrued or received by the defendant which arose from and during its delay in

4

performing a contract.  Russell v. Western Nebraska Rest Home, 180 Neb. 728, 735, 144 N.W.2d 728, 733 (1966).

In ruling on whether the plaintiff's motion to amend should be denied as futile, the court need not, should not, and does not render any opinion regarding whether the specific remedies and theories outlined in the plaintiff's prayer for relief will be supported by the facts.  At this stage, the court's sole inquiry is whether the factual allegations within the plaintiff's proposed complaint support a claim for relief.  They do.

Accordingly,

IT IS ORDERED:

1)      The plaintiff's motion to amend, (Filing No. 151), is granted.

2)      The plaintiff's proposed amended complaint, a copy of which is attached to its motion, shall be filed on or before November 10, 2014.

November 4, 2014.

                                        BY THE COURT:

                                        s/ Cheryl R. Zwart
                                        United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.